IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTHA B. SMITH,

        Plaintiff,

  v.

NATIONAL CITY BANK OF INDIANA, *et al.*,

        Defendants.

No. C 09-5715 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE AND GRANTING PLAINTIFF LEAVE TO AMEND**

    Defendant's motion to dismiss and motion to strike are scheduled for a hearing on April 30, 2010. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing. The April 30, 2010 case management conference is also VACATED. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss and motion to strike, and GRANTS plaintiff leave to amend.

## BACKGROUND

    On October 7, 2009, plaintiff Martha Smith filed a *pro se* complaint in the Contra Costa County Superior Court against National City Bank of Indiana, National City Mortgage Company, and Accubanc Mortgage.[1] Defendant PNC Bank, NA[2] timely removed this case on the basis of diversity jurisdiction.

---

[1] After defendant moved to dismiss the complaint, the Court granted plaintiff an extension of time to secure counsel. Plaintiff is now represented by counsel, and counsel filed plaintiff's opposition to the motion to dismiss.

[2] Defendant's notice of removal states that PNC Bank NA is a successor by merger to National City Bank and dba National City Mortgage Corporation, and that the defendants named in the complaint were erroneously named.

The complaint alleges that on February 22, 2005, plaintiff obtained a $300,000 mortgage loan, which was secured by real property located at 2917 McBryde Avenue, Richmond, California. Compl. ¶¶ 1-2. On June 8, 2008, plaintiff underwent "massive rotator cuff surgery" and "[b]efore said surgery and after, plaintiff kept National City Mortgage constantly up to date on her unfortunate health condition and, due to her health condition, her inability to temporarily work." *Id.* ¶ 6. Plaintiff fell behind in her payments, and a Notice of Default and Election to Sell under Deed of Trust was filed on August 6, 2008, and a Notice of Trustee's Sale was sent to plaintiff on November 20, 2008. *Id.* ¶¶ 7-8.

In late fall 2008, plaintiff and National City Mortgage Co. entered into a forbearance arrangement. The complaint alleges that on November 28, 2008, "Mr. Jerry Johnson, duly authorized officer in the Loss Mitigation Office of National City Mortgage, told plaintiff: 'You will begin today the temporary forebearance of foreclosure proceedings, until you return to work [from surgery] and then there will be a workout package put in place for you.'" Compl. ¶ 9. Plaintiff and National City Mortgage Co. entered into a written Forbearance Agreement in December, 2008. *Id.* ¶ 9; Plaintiff's Request for Judicial Notice ("RJN"), Ex. C. Under the Forbearance Agreement, the lender agreed not to foreclose on the property during the term of the agreement, provided that plaintiff made three payments of $1,283.21 on December 15, 2008, January 15, 2009, and February 15, 2009. Plaintiff's RJN, Ex. C at ¶¶ 1, 3. The agreement also provides that "[i]t is Borrower's sole responsibility to contact Lender prior to the expiration of this Agreement on February 15, 2009, to determine the current status of the loan and the potential necessity for further loss mitigation efforts, such as an extension of the repayment period or other options made available by Lender." *Id.* ¶ 4. The agreement also provides,

> <u>No Waiver</u>. This agreement shall not be construed as a discontinuance of the foreclosure action by Lender. By entering into this Agreement, Lender shall in no way be considered to have waived or have been estopped from exercising any or all of its rights or remedies under the Loan Documents. Nothing contained herein shall constitute a waiver of any or all of the Lender's rights or remedies existing at the time of executing this Agreement, including the right to commence, or continue with, a foreclosure action. An acceptance of any monies by Lender shall not be deemed an estoppel, prejudice or waiver of Lender's rights to proceed, or continue with foreclosure.

*Id.* ¶ 5.

The agreement also states, "Except as modified herein, the Loan Documents are ratified and confirmed and shall remain in full force and effect. This Agreement may not be amended orally but

2

only by an executed instrument in writing," *id.* ¶ 8, and "This Agreement sets forth all of the promises, covenants, agreements, conditions and understandings between the parties hereto with respect to the subject matter hereof. This Agreement supersedes all prior understanding[s], inducements or conditions, express or implied or written with respect thereto except as contained or referred to herein." *Id.* ¶ 12.

The complaint alleges that plaintiff made the three payments required under the Forebearance Agreement, and that she "further abided by the terms and condition[s] in the subject forebearance agreement by contacting/writing the lender/servicer prior to February 15, 2009." *Id.* ¶¶ 11-12. On March 2, 2009, plaintiff called Mr. Johnson, and he informed her that "the 'investors' were unwilling to do a loan modification." *Id.* ¶ 16. On March 18, 2009, plaintiff received a letter from National City Mortgage informing her that foreclosure and collection proceedings would recommence. *Id.* ¶ 17.

Plaintiff alleges that although she fulfilled her duties under the Forebearance Agreement, "National City Mortgage, its agents and principal, however, in a startlingly contemptuous breach of good faith and contract failed to follow through with their end of the bargain, to modify the subject loan of the agreement." *Id.* ¶ 19. Plaintiff alleges claims for common law fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, intentional infliction of emotional distress, slander of credit, and a violation of California Business and Professions Code § 17200.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead*

*Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Motion to dismiss**

Defendant has moved to dismiss all of plaintiff's claims for failure to state a claim. Plaintiff's opposition appears to concede that she has not stated a claim for intentional infliction of emotional distress or slander of credit, and accordingly the Court does not address those claims.

The gravamen of plaintiff's remaining claims is that defendant defrauded her and breached the Forebearance Agreement by refusing to modify her loan and by foreclosing on the property. However, nothing in the Forebearance Agreement requires defendant to modify the loan, and nothing in the agreement prohibits defendant from foreclosing on the property after the expiration of the agreement. The Forebearance Agreement also specifically states that the agreement cannot be modified orally, and it preserves the lender's right to foreclose after the expiration of the agreement. The agreement expired on February 15, 2009, and defendant recommenced foreclosure proceedings in March 2009.

Thus, to the extent that plaintiff's claims rest on the Forebearance Agreement, plaintiff has failed to state a claim. *See First Commercial Mortgage v. Reese*, 89 Cal. App. 4th 731, 745 (2001) (elements of breach of contract claim); *Guz v. Bechtel Nat. Inc.,* 24 Cal. 4th 317, 349 (2000) (implied covenant of good faith and fair dealing "cannot be endowed with an existence independent of its contractual

4

underpinnings" and it "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."); *Munger v. Moore*, 11 Cal. App. 3d 1, 7 (1970) ("[A] trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust.").

Plaintiff's fraud and § 17200 claims, which allege "deceptive and fraudulent conduct," suffer from an additional deficiency because they are not pled with particularity as required by Rule 9(b). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted) (holding Rule 9(b) applies to state law fraud claims). "A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (internal quotation marks omitted). The complaint alleges that National City Bank and National City Mortgage entered into a "conspiracy" to defraud plaintiff, and that National City Mortgage employees made "misrepresentations" to plaintiff about the Forebearance Agreement, including the November 28, 2008 statement by Mr. Johnson that "there will be a workout package put in place for you." Compl. ¶¶ 33-37; *see also id.* ¶¶ 28-31 (§ 17200 claim alleging "misrepresentations" with the intent of misleading plaintiff, "fraudulent or deceptive conduct"). Aside from the one alleged statement by Mr. Johnson, there are no allegations regarding other misstatements or any facts in support of an alleged conspiracy. In addition, there are no facts alleged as to why the statement by Mr. Johnson was false at the time it was made. Moreover, as stated *supra*, the plain terms of the Forebearance Agreement do not require or otherwise commit the lender to a loan modification, and the agreement expressly states that it cannot be orally modified.

Finally, there is an additional problem with plaintiff's claim for breach of fiduciary duty. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 283 Cal. Rptr. 53, 56 (Cal. Ct. App. 1991). The

5

complaint alleges that Accubanc, [3] the original lender, transferred servicing rights on the loan to National City Mortgage, that both Accubanc and National City Mortgage owe plaintiff a fiduciary duty, and that defendants "acting in furtherance of conspiracy, to perpetuate the misrepresented/breached loan forbearance/modification agreement mentioned before in this Complaint, breached their fiduciary duty to plaintiff." Compl. ¶ 50. Relying on *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 782 (1979), plaintiff's opposition argues that a mortgage *broker* owes a fiduciary duty to its clients. However, the complaint does not allege that Accubanc or National City Mortgage was plaintiff's mortgage broker, but rather that Accubanc was the original lender and that Accubanc transferred servicing rights to National City Mortgage.

Accordingly, the Court finds that plaintiff has failed to state a claim, GRANTS defendant's motion to dismiss, and GRANTS plaintiff leave to amend the complaint.

## II.  Motion to strike

Defendant moves to strike plaintiff's request for punitive damages as well as plaintiff's request for attorneys' fees. Plaintiff has not filed an opposition to the motion to strike. Defendant is correct that plaintiff has failed to allege any facts sufficient to show that defendant has acted with oppression, fraud or malice, and accordingly the Court STRIKES the request for punitive damages. Plaintiff has also not plead any contractual or statutory basis for the award of attorneys' fees, and accordingly the Court STRIKES the portions of the complaint relating to attorneys' fees. If plaintiff chooses to amend the complaint and wishes to seek punitive damages and/or attorneys' fees, the amended complaint must allege a factual and legal basis for doing so.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss and motion to strike, and GRANTS plaintiff leave to amend. If plaintiff amends the complaint, the amended complaint

---

[3] As noted *supra*, defendant PNC Bank, National Association, states that it is the correct defendant, and that the National City Mortgage and Accubanc defendants were erroneously named.

6

must be filed no later than **May 14, 2010.**

    **IT IS SO ORDERED.**

Dated: April 27, 2010

_____
SUSAN ILLSTON
United States District Judge